UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JACKSON, | Case No. 2:22-01170 MEMF (ADS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| J. BENDER, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Complaint, (Dkt. No. 1), and the Report and Recommendation of United State Magistrate Judge, (Dkt. No. 13.) No objections were filed, and the time to do so has passed. The Court accepts the findings and recommendations of the Magistrate Judge.

The Report properly found that Plaintiff's claim of malicious prosecution arises in a "new context" under the two-step framework for determining whether *Bivens* should be expanded. *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020). (Court established a two-step analysis in deciding whether a *Bivens* claims should be extended to a new context:

(1) "inquire whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants;'" and (2) "ask whether there are any 'special factors that counsel hesitation' about granting the extension."). This Court would simply add to the analysis of "new context" in the Report that it appears that this context is new not just because Supreme Court precedent has not expressly permitted a Bivens claim for malicious prosecution, but also because there were new defendants, a new mechanism of injury, and a new claim. *See Sheikh v. U.S. Dep't of Homeland Sec*., 106 F.4th 918, 924–26 (9th Cir. 2024).

The Report also properly found that "special factors" counsel hesitation—in particular, the availability of the administrative grievance procedure within the Federal Bureau of Prisons ("BOP").[1] With respect to the "special factors" analysis, this Court wishes to emphasize that the question before this Court is not what this Court's independent assessment would be of the costs and benefits of implying a *Bivens* cause of action, but "whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed. " *Sheikh*, 106 F.4th at 926 (quoting *Egbert v. Boule*, 596 U.S. 482, (2022); *Ziglar v. Abbasi*, 582 U.S. 120, (2017)). In fact, the Ninth Circuit has recently reminded lower courts that "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Sheikh*, 106 F.4th at 926 (*quoting Egbert* and *Hernandez*).

---

[1] The Court notes a small typographical error in the Report at ECF No. 13, page 9 ("Bureau or Prisons" intended to be "Bureau of Prisons").

This Court is constrained by clear binding authority and the principle of the separation of powers. It is not for this Court to reimagine the Supreme Court's post-*Bivens* jurisprudence or rewrite this Circuit's post-*Egbert* jurisprudence to permit consideration of the adequacy of the administrative grievance procedure. *See Egbert v. Boule*, 596 at 492 (2022).

Accordingly, IT IS HEREBY ORDERED:

1.    The Report and Recommendation is accepted, (Dkt. No. 13);

2.    Plaintiff's Complaint is dismissed without leave to amend;

3.    Judgment is to be entered accordingly.

DATED:  March 10, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge